# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

WESTMORELAND _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| 2446 of 2019 |

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: STACEY BARNHART AS ADMINISTRATRIX OF ESTATE OF AUDREY VINSEK

Lead Defendant's Name: FRESENIUS USA MANUFACTURING d/b/a FRESENIUS KIDNEY CARE

Are money damages requested? [X] Yes   [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

Is this a *Class Action Suit?*   [ ] Yes   [X] No

Is this an *MDJ Appeal?*   [ ] Yes   [X] No

Name of Plaintiff/Appellant's Attorney: KELLY L. ENDERS, ESQ

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.**  If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [X] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- _____
- _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- _____
- _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- _____
- _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

DEFENDANT'S EXHIBIT
A

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY PENNSYLVANIA

CIVIL

## WESTMORELAND COUNTY CIVIL COVER SHEET

Stacey Barnhart, as

Administratrix of the Estate of

Estate of Audrey Vinsek

Plaintiff(s)

vs.

Fresenius USA

Manufacturing, Inc.. d/b/a

Fresenius Kidney Care

Defendant(s)

　　　　　　　:

　　　　　　　.

Judge: Smail

Case No.  2446 of 2019

Counsel: Kelly L. Enders, Esquire

Representing: Plaintiff

Pa. I.D. No. : 82506

Firm: Caroselli, Beachler and Coleman

Address: 20 Stanwix Street, Suite 700
　　　　　　Pittsburgh, PA 15222

Phone No.  (412) 391-9860

Fax No. (412) 391-7453

E-mail  kenders@cbmclaw.com

### PLEASE ANSWER THE FOLLOWING:

1.　　Is the Amount In Controversy Less Than $30,000?　　☐ Yes　☑ No

2.　　Does This Case Involve Discovery of Electronically
　　　Stored Information?　　☐ Yes　☑ No

3.　　Does This Case Involve a Construction Project?　　☐ Yes　☑ No

### ENTRY OF APPEARANCE

TO THE PROTHONOTARY: Please enter my appearance on behalf of the Plaintiff/Petitioner/
Appellant. Papers may be served at the address set forth above.

Signature: _____　　　　　Date: 5-15-19

Original – Prothontary　　　　　　　　Copies - Judge and Opposing Counsel

Revised 5/26/2010

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

STACEY BARNHART, Administratrix of
the ESTATE OF AUDREY VINSEK

Plaintiff,

v.

FRESENIUS USA MANUFACTURING,
INC. d/b/a FRESENIUS KIDNEY CARE,

Defendant.

**CIVIL DIVISION**

Judge _Harry E. Smail_

Case No. 2446 of 2019

**COMPLAINT IN CIVIL ACTION**

**FILED ON BEHALF OF PLAINTIFF:
STACEY BARNHART, Administratrix
of the ESTATE OF AUDREY VINSEK**

**COUNSEL OF RECORD FOR THIS
PARTY:**
Kelly L. Enders, Esquire
Pa. I.D. No. 82506
kenders@cbmclaw.com

**CAROSELLI BEACHLER &
COLEMAN LLC,**
20 Stanwix Street, 7th Floor
Pittsburgh, PA 15222
Telephone:   412-391-9860
Facsimile:   412-391-7453

**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

STACEY BARNHART, Administratrix
of the ESTATE OF AUDRY VINSEK

CIVIL DIVISION

Plaintiff,

Judge Smail

v.

Case No.:2446 of 2019

FRESENIUS USA MANUFACTURING, INC.
d/b/a FRESENIUS KIDNEY CARE,

Defendant.

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES.

**Lawyer Referral Service**
**Westmoreland Bar Association**
**P.O. Box 565**
**Greensburg, PA 15601**
**(724) 834-8490**

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

STACEY BARNHART, Administratrix
of the ESTATE OF AUDRY VINSEK,

          Plaintiff,

vs.

FRESENIUS USA MANUFACTURING, INC.
d/b/a FRESENIUS KIDNEY CARE,

          Defendant.

CIVIL DIVISION

Judge Smail

Case No.: 2446 of 2019

**COMPLAINT IN CIVIL ACTION –**
**MEDICAL PROFESSIONAL LIABILITY ACTION**

AND NOW comes the Plaintiff, Stacey Barnhart, Administratrix of the Estate of Audry Vinsek, by and through her counsel, Caroselli, Beachler & Coleman, LLC and Kelly L. Enders, Esquire, and files the following Complaint in Civil Action.

1.     Plaintiff, Stacey Barnhart, is an adult individual residing at 2398 State Route 982, Mount Pleasant, Westmoreland County, Pennsylvania, 15666.

2.     Decedent, Audry Vinsek, died on August 21, 2017.

3.     The Register of Wills of Westmoreland County, Pennsylvania issued Letters of Administration to Plaintiff on March 13, 2019 at File No. 6519-0535.

4.     Plaintiff, Stacey Barnhart, is the daughter of the Decedent, Audry Vinsek.

5.     Defendant, Fresenius USA Manufacturing, Inc. (hereinafter "Defendant") is a Delaware Corporation, with a principal place of business located at 920 Winter Street, Waltham, Massachusetts 02451 and regularly conducts business in Pennsylvania under the name Fresenius Kidney Care.

2

6.      Fresenius USA Manufacturing, Inc. d/b/a Fresenius Kidney Care operates a dialysis facility at 562 Shearer Street, Greensburg, Westmoreland County, PA  15601.

7.      At all times relevant and material to the subject incident, Defendant acted through its agents, servants, employees, representatives, successors, predecessors, subsidiaries and parent companies, who were acting in the course and scope of their employment, duties and/or agency.

8.      In August of 2017, Decedent was a 72 year old female with end stage renal disease which required dialysis treatments 3 times a week through an AV Graft located above the elbow of her left arm.

9.      An AV graft is a strong artificial tube inserted by a surgeon underneath the skin of the forearm, upper arm or thigh. One end of the tube connects to one of the arteries, and the other end connects to one of the veins in the same limb.

10.     Decedent was a patient of the Defendant and received in-center dialysis treatments at Defendant's facility located at 562 Shearer Street, Greensburg, PA  15601 (hereinafter "Fresenius Kidney Care") since January of 2012.

11.     Decedent received a dialysis treatment at Fresenius Kidney Care on Monday, August 14, 2017 from 10:52 A.M. to 2:54 P.M. without any complications as noted in her records.

12.     Decedent received a dialysis treatment at Fresenius Kidney Care on Wednesday, August 16, 2017 from 10:45 A.M. to 2:42 P.M. without any complications as noted in her records.

13.     Decedent received a dialysis treatment at Fresenius Kidney Care on Friday August 18, 2017 from 10:40 A.M. to 2:38 P.M. without any complications as noted in her records.

14.     On Monday August 21, 2017, Decedent arrived at Fresenius Kidney Care for dialysis treatment and was evaluated at approximately 10:55 A.M. by Brittany Dudash, PCT.

15.     On August 21, 2017 Brittany Dudash, PCT was an employee of the Defendant.

3

16.     During the August 21, 2017 visit multiple abnormal findings related to decedent's AV Graft site were documented by Defendant and recorded in decedent's chart.

17.     At Decedent's August 21, 2017 dialysis appointment it is documented by Steve Imel, RN that the Decedent arrived for dialysis treatment complaining of left upper arm pain around her AV Graft.

18.     Upon physical examination of the Decedent's left upper arm and AV Graft area, Steve Imel, RN documented that the left upper arm had a raised serous area the size of a penny directly above the mid-point of the AV Graft and the Decedent winced in pain when he touched the area immediately surrounding the raised red spot.

19.     The multiple abnormal findings documented on August 21, 2017 were not present at the Decedent's most recent dialysis treatment three days earlier on Friday August 18, 2017.

20.     The NP was called by Defendant's staff by phone to report the multiple abnormal findings.

21.     The NP advised Defendant's staff to cannulate the AV Graft being careful to avoid the raised area.

22.     The arterial segment of the AV Graft was cannulated without difficulty but the venous segment infiltrated immediately.

23.     An infiltration (blow) means that that the needle dislodged from inside the graft during the needle insertion and blood leaked outside of the graft into the surrounding tissues which causes swelling and pain in the area of the graft.

24.     The trauma of the venous segment infiltration of the AV Graft by Defendant's staff compounded the already painful raised serous area noted to be the size of a penny directly above the mid-point of Decedent's AV Graft.

4

25.     As a result of the infiltration, Steve Imel, RN documents that the Vascular Access Center in Cranberry, PA, located over an hour away, was contacted to request an immediate appointment for the Decedent but there were no available appointments until two days later on Wednesday August 23, 2017.

26.     Defendant's staff then contacted the Excela Westmoreland Hospital's Interventional Radiology Department, located at 532 W. Pittsburgh Street, Greensburg, PA to request an immediate appointment but there were no immediate available appointments at that facility.

27.     Defendant scheduled an appointment for the Decedent on August 22, 2017 at 10:50 A.M with the Interventional Radiology Department of Excela Westmoreland Hospital.

28.     Decedent did not receive dialysis treatment on August 21, 2017.

29.     No infiltration treatment nor AV Graft assessment is documented as being performed after the infiltration occurs on the Decedent by Defendant's staff before she was sent home.

30.     Decedent was sent home without an immediate evaluation by a specialist with instructions to restrict her fluid intake and to follow up with Excela Hospital Interventional Radiology Department on August 22, 2017.

31.     On August 21, 2017 Steve Imel, R.N. was an employee of the Defendant.

32.     Shortly after leaving Fresenius Kidney Care and arriving at her home, Decedent's left arm began to bleed profusely and at or about 4:00 pm on August 21, 2017, Decedent was found unconscious at her home by her sister.

33.     Decedent was transported by ambulance to Excela Westmoreland Hospital Emergency Department, where she was pronounced dead at 5:50 PM.

5

34.     Decedent's death certificate lists her causes of death as exsanguination and a lacerated dialysis fistula.

## COUNT I
## SURVIVAL ACTION
## CORPORATE/DIRECT LIABILITY

35.     The above paragraphs of Plaintiff's Complaint are incorporated herein as if set forth more fully at length.

36.     Plaintiff, as Administrator of the Estate of Audry Vinsek, brings this action to recover damages to the Estate of the Decedent under and by virtue of 41 Pa. C.S.A. §8302.

37.     At all times relevant hereto, Defendant had a non-delegable duty to Decedent to ensure her safety and well-being while she was a patient of Fresenius Kidney Care.

38.     At all times relevant hereto, Defendant had a non-delegable duty to act prudently and to provide reasonable and ordinary care and care services to Decedent.

39.     At all times relevant hereto, Defendant had a non-delegable duty to ensure that all persons providing care at Fresenius Kidney Care were competent to provide that care.

40.     At all times relevant hereto, Defendant had a non-delegable duty to oversee and supervise all persons providing care to patients and/or practicing medicine at Fresenius Kidney Care.

41.     At all times relevant hereto, Defendant had a non-delegable duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for patients such as Decedent.

42.     At all times relevant hereto, Defendant negligently and/or carelessly breached its duties owed to Decedent in the following particulars:

        a.  In failing to adequately evaluate Decedent's left upper arm pain and the raised

            red and painful area above the AV Graft with noted serous drainage;

6

b.  by infiltrating the venous segment of the AV Graft;

c.  In failing to refer Decedent immediately to a physician or medical specialist for evaluation and/or treatment of her left upper arm pain, raised, red and painful area above the AV Graft with noted serous drainage, infiltrated venous segment; and/or because she had not received dialysis treatment since August 18, 2017;

d.  In failing to transport, refer and/or advise Decedent to seek immediate medical attention at Excela Westmoreland Hospital Emergency Room or another hospital emergency room given Decedent's medical conditions;

e.  In negligently allowing for a delayed AV Graft evaluation by a physician and/or medical specialist;

f.  In permitting Decedent to have an unsafe amount of time between dialysis treatments given Decedent's medical conditions;

g.  In failing to call 911 or an ambulance service to emergently transport Decedent to an emergency room;

h.  In failing to advise Decedent of the need to seek immediate medical treatment and/or call 911 if the area on her left upper arm and/or her AV Graft began to bleed;

i.  In failing to advise and/or ensure that Decedent was not alone after leaving Fresenius Kidney Center due to the risks posed by her medical conditions including but not limited to the risk of bleeding out and losing consciousness;

j.  In failing to have available on August 21, 2017 a qualified physician and/or other medical specialist capable of properly and accurately assessing Decedent's medical conditions including but not limited to her left upper arm

7

pain, raised and red painful area above the AV Graft with noted serous drainage, infiltrated venous segment, and her lack of dialysis treatment since August 18, 2017;

k.   In failing to have available on August 21, 2017 a qualified physician and/or other medical specialist capable of properly and accurately assessing the risks to Decedent due to her medical conditions including but not limited to her left upper arm pain, raised and red painful area above the AV Graft with noted serous drainage, infiltrated venous segment, and her lack of dialysis treatment since August 18, 2017;

l.   In failing to properly train and monitor the staff of Fresenius Kidney Care to ensure that Decedent's medical conditions received adequate and proper medical treatment and Decedent received adequate and proper medical evaluations and advice;

m.   In negligently increasing the chance and/or risk that the Decedent would suffer a severe and life-threatening bleed when Defendant's staff, employees, agents, and/or servants did not ensure that Decedent receive immediate and/or timely evaluation and/or treatment by a physician and/or medical specialist;  and/or

n.   In failing to adequately inform and/or warn Decedent about her medical conditions and potential risks and consequences associated with her medical conditions.

43.   As a result of the negligence, both ordinary and professional, and carelessness of Defendant, as set forth above, Plaintiff has suffered the following damages:

8

a.    Plaintiff, on behalf of the Estate, claims damages for the conscious pain, suffering, and mental anguish undergone by Decedent between the time of Defendant's negligence and her time of death and her death;

b.    As a result of the untimely death of Decedent, the claim of an additional sum for the value of the expectancy and enjoyment of the life of Decedent which was terminated by reason of her death;

c.    Plaintiff claims damages for the loss suffered by Decedent of the prospective happiness and the enjoyment and pleasures of life which Decedent would have had during the remainder of her natural life; and

d.    Decedent's loss of potential earning capacity for the remainder of her natural life.

WHEREFORE, Plaintiff demands judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT II
## SURVIVAL ACTION
## VICARIOUS LIABILITY

44.    The above paragraphs of Plaintiff's Complaint are incorporated herein as if set forth more fully at length.

45.    At all times relevant hereto, Defendant was operating through its agents, servants, workers, employees, contractors, subcontractors, and/or staff, all of whom were acting within the course and scope of their employment and under the direct and exclusive control of Defendant.

9

46.     At all times relevant hereto, Defendant, through its agents, servants, workers, employees, contractors, subcontractors, and/or staff, had a non-delegable duty to Decedent to ensure her safety and well-being while she was a patient of Fresenius Kidney Care.

47.     At all times relevant hereto, Defendant, through its agents, servants, workers, employees, contractors, subcontractors, and/or staff, had a non-delegable duty to act prudently and to provide reasonable and ordinary care and care services to Decedent.

48.     At all times relevant hereto, Defendant, through its agents, servants, workers, employees, contractors, subcontractors, and/or staff, negligently and/or carelessly breached their duties owed to Decedent in the following particulars:

   a. In failing to adequately evaluate Decedent's left upper arm pain and raised red painful area above the AV Graft with noted serous drainage;

   b. by infiltrating the venous segment of the AV Graft;

   c. In failing to refer Decedent immediately to a physician or medical specialist for evaluation and/or treatment of her left upper arm pain, raised red and painful area above the AV Graft with noted serous drainage, infiltrated venous segment and/or because she had not received dialysis treatment since August 18, 2017;

   d. In failing to transport, refer and/or advise Decedent to seek immediate medical attention at Excela Westmoreland Hospital Emergency Room or another hospital emergency room given Decedent's medical conditions;

   e. In negligently delaying an AV Graft evaluation by a physician and/or medical specialist;

   f. In permitting Decedent to have an unsafe amount of time between dialysis treatments given Decedent's medical conditions;

10

g.   In failing to call 911 or an ambulance service to emergently transport Decedent to an emergency room;

h.   In failing to advise Decedent of the need to seek immediate medical treatment and/or call 911 if the area on her left upper arm and/or her AV Graft began to bleed;

i.   In failing to advise and/or ensure that Decedent was not alone after leaving Fresenius Kidney Center due to the risks posed by her medical conditions including but not limited to the risk of bleeding out and losing consciousness;

j.   In failing to have available on August 21, 2017 a qualified physician and/or other medical specialist capable of properly and accurately assessing Decedent's medical conditions including but not limited to her left upper arm pain, raised red and painful area above the AV Graft with noted serous drainage, infiltrated venous segment and her lack of dialysis treatment since August 18, 2017;

k.   In failing to have available on August 21, 2017 a qualified physician and/or other medical specialist capable of properly and accurately assessing the risks to Decedent due to her medical conditions including but not limited to her left upper arm pain, raised red and painful area above the AV Graft with noted serous drainage, infiltrated venous segment and her lack of dialysis treatment since August 18, 2017;

l.   In failing to properly train and monitor the staff of Fresenius Kidney Care in ensure that Decedent's medical conditions received adequate and proper

11

medical treatment and Decedent received adequate and proper medical advice;

m.     In negligently increasing the chance and/or risk that the Decedent would suffer a severe and life-threating bleed when Defendant's staff, employees, agents, and/or servants did not ensure that Decedent receive an immediate and/or timely evaluation and/or treatment by a physician and/or medical specialist; and/or

n.     In failing to adequately inform and/or warn Decedent about her medical conditions and potential risks and consequences associated with her medical conditions.

49.     As a result of the negligence, both ordinary and professional, and carelessness of Defendant, as set forth above, Plaintiff has suffered the following damages:

a.     Plaintiff, on behalf of the Estate, claims damages for the conscious pain, suffering, and mental anguish undergone by Decedent between the time of Defendants' negligence and her time of death and her death;

b.     As a result of the untimely death of Decedent, the claim of an additional sum for the value of the expectancy and enjoyment of the life of Decedent which was terminated by reason of her death;

c.     Plaintiff claims damages for the loss suffered by Decedent of the prospective happiness and the enjoyment and pleasures of life which Decedent would have had during the remainder of her natural life; and

d.     Decedent's loss of potential earning capacity for the remainder of her natural life.

12

WHEREFORE, Plaintiff demands judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT III
## WRONGFUL DEATH

50.     The above paragraphs of Plaintiff's Complaint are incorporated herein as if set forth more fully at length.

51.     As a result of the negligent and/or careless conduct of the Defendant and its agents, servants, workers, employees, contractors, subcontractors, and/or staff, and the resulting death of Decedent, Plaintiff, Stacey Barnhart, brings this claim under Pennsylvania's Wrongful Death Act 42 Pa. C.S.A. §8301.

52.     Under the Wrongful Death Act, Decedent's Wrongful Death Beneficiary has sustained the following damages:

   a.  Funeral and burial expenses;

   b.  Expenses of administration necessitated by reason of the injuries causing Decedent's death;

   c.  Loss of companionship, services, comfort, friendship, guidance, love and affection, and

   d.  Other losses and damages recoverable under 42 Pa. C.S.A. §8301.

53.     Decedent's wrongful death beneficiary pursuant to 42 Pa. C.S.A. §8301 is Stacey Barnhart, Daughter.

13

WHEREFORE, Plaintiff demands judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**CAROSELLI BEACHLER
& COLEMAN LLC,**

Kelly L. Enders, Esquire
PA ID No. 82506
kenders@cbmclaw.com

20 Stanwix Street, 7th Floor,
Pittsburgh, PA 15222
(412) 391-9860 phone
(412) 391-7453 fax

14

## **V E R I F I C A T I O N**

The Plaintiff, Stacey Barnhart, as Administrator of the Estate of Audry Vinsek, avers that the statements of fact contained in the attached Complaint in Civil Action are true and correct to the best of her information, knowledge and belief and are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 4-20-19

Stacey Barnhart

2